# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

IN RE )
 )  **Case No. 12-00902-TLM**
**LAWRENCE DARWIN MCKAY,** )
 )  **Chapter 11**
    Debtor. )
_____ )

## MEMORANDUM OF DECISION
_____

**BACKGROUND AND FACTS**

Lawrence Darwin McKay ("Debtor") filed a petition for relief under chapter 11 on April 19, 2012.[1] No trustee has been appointed, and Debtor serves as a debtor in possession.

In September, 2012, the Carmella Adams Trust and Darrell Adams, individually and as the trustee of that trust ("Creditors"), filed a motion seeking to establish a deadline for Debtor to file a proposed plan and disclosure statement, noting that Debtor's period of exclusivity under § 1121(b) had expired on August 17, 2012. Doc. No. 54. At a hearing on that motion held on September 24, Debtor stipulated on the record that he would file his plan and disclosure statement by November 16, 2012. Doc. No. 59 (minute entry). As also stipulated by the

---

[1] Unless indicated otherwise, all statutory references are to the Bankruptcy Code, Title 11 U.S. Code §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure.

MEMORANDUM OF DECISION - 1

parties and as reflected in the record of hearing, the minute entry stands as the agreed Order of the Court. *Id.*

No plan or disclosure statement was filed by the agreed date and, on November 20, 2012, Creditors moved to dismiss the case under § 1112(b). Doc. No. 70 ("Motion"). Creditors set the Motion for hearing on December 17.

Three weeks after the Motion, Debtor filed a December 11 "Objection to the Motion to Dismiss," Doc. No. 73 ("Objection"), and the following day filed a chapter 11 disclosure statement and chapter 11 plan. *See* Doc. Nos. 75, 76.

Hearing on the Motion was held on December 17. Creditors noted that, as established by the Court's record and conceded by Debtor, the plan and disclosure statement were not filed by the agreed and ordered November 16 deadline. Creditors rested on that showing. Debtor's counsel presented argument, but no evidence. The Motion was taken under advisement. Doc. No. 78 (minute entry). It is resolved by this Decision, which constitutes the Court's findings and conclusions under Rules 7052 and 9014.

**DISCUSSION AND DISPOSITION**

A request to dismiss or convert a chapter 11 case is prosecuted under § 1112. In pertinent part, that section currently[2] provides:

---

[2] Section 1112 was amended by the Bankruptcy Technical Corrections Act of 2010, Pub.
(continued...)

MEMORANDUM OF DECISION - 2

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
>
>> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>>
>> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
>>
>>> (i) for which there exists a reasonable justification for the act or omission; and
>>>
>>> (ii) that will be cured within a reasonable period of time fixed by the court.
>
> (3) The court shall commence the hearing on a motion under this subsection not later than 30 days after filing of the motion, and shall

---

[2](...continued)
L. No. 111-327, 124 Stat. 3561 (Dec. 22, 2010), removing some problematic language in § 1112(b) and clarifying the burdens on the party opposing dismissal or conversion as structured under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 (2005) ("BAPCPA"). *See In re Wallace*, 2010 WL 378351 (Bankr. D. Idaho Jan. 26, 2010) (addressing the "linguistically difficult" post-BAPCPA language in § 1112(b)). In general, cases construing § 1112(b) prior to the 2010 technical amendments remain sound and applicable; there is merely less of a linguistic challenge in construing the statute as presently written.

MEMORANDUM OF DECISION - 3

decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph.

(4) For purposes of this subsection, the term "cause" includes—

. . .

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court[.]

The movant under § 1112(b) must establish "cause." *In re Hinesley Family Ltd. P'ship No. 1*, 460 B.R. 547, 553 (Bankr. D. Mont. 2011) (citing *In re BTS, Inc.*, 247 B.R. 301, 303 (Bankr. N.D. Okla. 2000)); *see also Labankoff v. U.S. Trustee (In re Labankoff)*, 2010 WL 6259969 (9th Cir. BAP June 14, 2010).

The situation here is straight-forward. Debtor resolved a pending matter by expressly agreeing to a deadline for the filing of his disclosure statement and plan. That agreement was and is binding and enforceable. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002) (determining that an agreement is binding when placed on or memorialized in the record).[3] The consequences of a failure to meet the agreed deadline were clear and foreseeable.[4] This is especially true where the

---

[3] This Court has often emphasized the importance of fealty to and judicial enforcement of negotiated agreements in bankruptcy cases. *See In re AICO Corp.*, 2003 WL 1964190, 03.2 I.B.C.R. 105 (Bankr. D. Idaho Apr. 11, 2003) (citing *inter alia In re Blele*, 03.1 I.B.C.R. 85 (Bankr. D. Idaho 2003) and *In re Bish's Boys*, 02.1 I.B.C.R. 6 (Bankr. D. Idaho 2002)).

[4] As the Court noted in *Bish's Boys*, the time to consider the severity or other aspects of the consequences for a potential default under an agreement was when the agreement was made. *See* 02.1 I.B.C.R. at 8 (addressing the remedy under an agreed "drop dead clause").

MEMORANDUM OF DECISION - 4

language of § 1112(b)(4)(J) is so plain. Debtor failed to abide by this agreed deadline, and cause for dismissal or conversion under § 1112(b)(4)(J) is thus clearly established. *See In re Jonas*, 2012 WL 2921016 at *9-10 (Bankr. D. Mont. July 17, 2012) (finding cause under § 1112(b)(4)(J) where debtor bargained for an amount of time to file a disclosure statement and plan, and failed to perform under the bargain which was approved by the court and thus became an order of the court).[5]

With cause present, § 1112(b)(2) commands the Court to convert or dismiss the case unless Debtor establishes a statutory reason not to so rule. One court has summarized these shifting burdens of § 1112 as follows:

> Once the movant establishes cause, the burden shifts to the debtor to demonstrate by evidence "unusual circumstances" that establish that dismissal or conversion to chapter 7 is not in the best interests of the creditors and the estate. *See* 7 *Collier on Bankruptcy* at ¶ 1112.05[2]. The bankruptcy court retains discretion in determining whether unusual circumstances exist and whether conversion or dismissal is in the best interest of creditors and the estate. *See id.*; *Gilroy v. Ameriquest Mortg. Co. (In re Gilroy)*, 2008 Bankr.Lexis 3968 (B.A.P. 1st Cir. 2008). A determination of unusual circumstances is fact intensive and contemplates facts that are not common to chapter 11 cases. *See* 7 *Collier on Bankruptcy* at ¶ 1112.05[2].

*In re Hosp. de Damas, Inc.*, 2012 WL 1190651, *3 (Bankr. D.P.R. Apr. 9, 2012).

The Collier treatise, cited by such court, states:

---

[5] Creditors also alleged cause under § 1112(b)(4)(E) (failure to obey a court order) but under the circumstances of this case, that ground is subsumed by § 1112(b)(4)(J) and will not be separately addressed.

MEMORANDUM OF DECISION - 5

> Once the movant has established cause, the burden shifts to the respondent to demonstrate by evidence the unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. Courts have much discretion in making the determination as to whether there are unusual circumstances that should prevent dismissal or conversion. Although a finding of unusual circumstances is within the court's discretion, the word "unusual" contemplates facts that are not common to chapter 11 cases generally. A determination of the existence of unusual circumstances is necessarily fact intensive. An order that denies the requested dismissal or conversion on the basis of "not in the best interests" appears susceptible to reversal on appeal unless the required specifically identified unusual circumstances are a part of the court's findings of record.

7 Collier on Bankruptcy ¶ 1112.05[2] at 1112-43 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2011).

To summarize, under § 1112(b)(1), the court "*shall* convert . . . or dismiss" a case upon finding "cause." However, under § 1112(b)(2), the court "may not" convert or dismiss "if the court *finds* and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, *and* the debtor . . . *establishes*" the elements set out in both § 1112(b)(2)(A) and (B).

The command that the Court "find" unusual circumstances connotes a finding of fact. *See* Rule 7052.[6] As Collier observes, *supra*, the burden on the party opposing the motion is to "demonstrate by evidence" the unusual

---

[6] Rule 7052 incorporates Fed. R. Civ. P. 52. Civil Rule 52(a)(1) provides that in a bench trial, "the court must *find* the facts specially and state its conclusions of law separately" though the same may appear in an opinion or memorandum of decision filed by the court.

MEMORANDUM OF DECISION - 6

circumstances, a term that contemplates "facts" not common to chapter 11 cases generally. It also notes that the determination is "necessarily fact intensive." This Court agrees.

Debtor here presented no evidence whatsoever. Thus, the Court was not provided with any basis on which it can enter a finding of fact specifically identifying unusual circumstances under § 1112(b)(2). Nor can it make, as required by § 1112(b)(2)(A) and (B), findings of fact as to: (1) the reasonable likelihood Debtor can confirm a plan within a reasonable period, and (2) a reasonable justification for Debtor's failure to file his plan and disclosure statement by the agreed deadline.[7]

As noted, Debtor made some arguments concerning these provisions of § 1112(b)(2) on which he had the burden. However, the arguments and other statements of counsel orally made at hearing, or those in the December 11 Objection, do not constitute evidence. As the Ninth Circuit Bankruptcy Appellate Panel has held:

> "[A]rguments and statements of counsel are not evidence." *Wood v. Stratos Prod. Dev., LLC (In re Ahaza Sys.)*, 482 F.3d 1118, 1122 n.1 (9th Cir. 2007). This principle has been frequently cited in bankruptcy cases. *Exeter Bancorporation, Inc. v. Kemper Securities Group*, 58

---

[7] The Court notes the serial use in § 1112(b)(2) of the conjunction "and" which reflects that Debtor must establish each of the required propositions. *See Zimmerman v. Spickelmire (In re Spickelmire)*, 433 B.R. 792, 801 n.24 (Bankr. D. Idaho 2010) (statutory provisions written in the conjunctive require each element to be satisfied or established, as contrasted to statutory provisions written in the disjunctive); *In re Roots Rents, Inc.*, 420 B.R. 28, 36 (Bankr. D. Idaho 2009) (same).

MEMORANDUM OF DECISION - 7

> F.3d 1306, 1312 n.5 (8th Cir. 1995) (statement of counsel not evidence); *Malloy v. Wallace (In re Wallace)*, 298 B.R. 435, 441 (10th Cir. BAP 2003) (opening statement is not testimony); *Braunstein v. Sanders (In re Muhammed)*, 2011 Bankr. LEXIS 2214 at *7-8 (Bankr. D. Mass. 2011) (arguments of counsel cannot substitute for evidence); *In re Olde Block Owner, LLC*, 448 B.R. 482, 484 (Bankr. N.D. Ill. 2011) ("Of course, the argument of counsel is not evidence."); *In re Valley Park, Inc.*, 217 B.R. 864, 866 (Bankr. D. Mont. 2006); *In re Osborne*, 257 B.R. 14, 19-20 (Bankr. C.D. Cal. 2000).

*U.S. Bank, N.A. v. Vu (In re Vu)*, 2012 WL 1521635 at *8 (9th Cir. BAP May 1, 2012). In *Zapata v. U.S. Trustee (In re Zapata)*, 2012 WL 4466283 (9th Cir. BAP Sept. 28, 2012), debtors appealed, among other things, the bankruptcy court's dismissal of their chapter 13 case, arguing they had in fact attended a § 341(a) meeting contrary to the court's findings. The BAP stated:

> Debtors did not provide the bankruptcy court with evidence that they had attended the meeting. Arguments in pleadings and statements of counsel (or of pro se parties) are not evidence. *Runningeagle v. Ryan*, 686 F.3d 758, 776 (9th Cir. 2012). Thus, the Panel cannot conclude on the record before us that the bankruptcy court erred when it decided that Debtors had not attended the meeting, or that they had not provided the documents required by local bankruptcy rules. Such failure constituted grounds for dismissal of their chapter 13 case.

*Id.* at *5.

Here, Debtor's legal arguments are necessarily grounded in, or extrapolated from, the factual assertions in his Objection (*e.g.*, asserting the deadline could not be met because of "extenuating circumstances"), his disclosure statement and the other filed documents. However, this does not provide an evidentiary basis for the

MEMORANDUM OF DECISION - 8

Court to enter findings of fact.[8] There was a failure to present evidence to substantiate the factual aspects of Debtor's argument.

In short, Creditors established "cause" for dismissal or conversion of the case under § 1112(b)(4)(J). Debtor therefore faced the burden imposed by § 1112(b)(2), but did not present any evidence and, consequently, failed to meet his burden. The Motion will therefore be granted.

After finding the existence of cause, and an absence of Debtor's proof of "unusual circumstances" and the other required elements of § 1112(b)(2), the Court must also decide whether the case will be dismissed or converted to a chapter 7 liquidation. *See*, *e.g.*, *In re Erkins,* 253 B.R. 470, 477 n.5 (Bankr. D. Idaho 2000). In doing so, the Court must focus on the best interests of the estate and its creditors. *Id.*; *see also In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011).

The U.S. Trustee urged conversion based on the scheduled disclosure of assets, primarily Debtor's ownership of and interests in several business entities.[9]

---

[8] *See generally* 2 Hon. Barry Russell, *Bankruptcy Evidence Manual* § 201.5 at 54-59 (2012-2013 ed.) (hereafter "Russell") (noting that even if judicial notice is taken of the Court's "files and records" this establishes only the fact of the filing of the various documents, not the truth of factual assertions therein). If judicial notice of the files and records of the Court were taken here (though there was no such request, *see* Fed. R. Evid. 201(c)(2)), the only probative fact properly capable of such notice would be that Debtor's disclosure statement and plan were filed on December 12, 2012, and thus not by the deadline of November 16, 2012.

[9] In this context, the Court may consider Debtor's sworn schedules and statements under Fed. R. Evid. 801(d)(2). *See Kilborn v. Haun (In re Haun)*, 396 B.R. 522, 530 n.16 (Bankr. D.
(continued...)

MEMORANDUM OF DECISION - 9

Creditors argued for dismissal, contending that such businesses might have only nominal or negligible value. On the limited record before it, the Court agrees with the U.S. Trustee that conversion best serves the interests of creditors and the estate. *See Babayoff*, 445 B.R. at 81-82; *see also In re Staff Inv. Co.*, 146 B.R. 256, 261 (Bankr. E.D. Cal. 1992)). The case will be converted to chapter 7.

**CONCLUSION**

Cause has been shown under § 1112(b)(4)(J). Debtor has failed to carry the burden imposed under § 1112(b)(2) to avoid conversion or dismissal. The Motion will be granted, and the case converted to chapter 7. The Court will enter an order in accord with this Decision.

DATED: January 4, 2013



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[9](...continued)
Idaho 2008); *Jordan v. Kroneberger (In re Jordan)*, 392 B.R. 428, 444 n.32 (Bankr. D. Idaho 2008); *see also* Russell, § 201.5 at 61-64.